# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 08 CR 108-4 |
| | ) | |
| | ) | |
| MARY DOCHEE | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the Government's motions in limine. The court set a deadline of December 5, 2008, for the filing of motions in limine as well as a deadline of December 19, 2008, to respond to motions in limine, if any were filed. On December 5, 2008, the Government filed the instant motions in limine in the action against Defendant Mary Dochee ("Dochee"). The deadline has passed for filing a response and Dochee has not filed any response in opposition to the motions. For the reasons stated below, we grant the Government's motions in limine.

I. Argument or Evidence Relating to Penalties Faced by Dochee

The Government moves to bar the introduction of evidence, making arguments, or otherwise mentioning the potential penalties Dochee faces if

1

convicted. It is the jury's province to establish questions of guilt or innocence and it is the court's role to sentence a defendant. *United States v. McKenzie*, 922 F.2d 1323, 1327 (7th Cir. 1991). The Government correctly argues that the only purpose of mentioning potential penalties faced by Dochee to the jury would be the purpose of jury nullification. Therefore, we grant the Government's motion in limine to bar evidence, argument or mention of the potential penalties faced by Dochee, if convicted.

II. Argument or Evidence Eliciting Jury Nullification

The Government moves to bar any evidence or arguments designed to elicit jury nullification. Specifically, the Government seeks to bar: (1) evidence or arguments suggesting that the Government engaged in outrageous behavior, (2) arguments or questions about the motivation of the officers who investigated and prosecuted the case, (3) arguments or questions suggesting that the investigation or prosecution of the case against Dochee was racially motivated, or (4) any argument or evidence designed to invoke the sympathy of the jury with respect to the impact of a conviction on Dochee's family. We agree with the Government that the evidence and argument they seek to bar would not be relevant. Furthermore, despite the opportunity to do so, Dochee has not filed an opposition to the Government's motions in limine and has not otherwise indicated any relevant purpose for such evidence or argument. Therefore, we grant the Government's motion in limine to bar any evidence or arguments designed to elicit jury nullification.

III. Commentary on Discovery in the Presence of the Jury

The Government moves to preclude Dochee's counsel from requesting discovery or commenting on discovery matters in the presence of the jury. We agree with the Government that any such commentary on discovery matters by either party in the presence of the jury could create the impression that the opposing party is withholding information. Therefore, we grant the Government's motion in limine relating to commentary on discovery.

IV. Argument or Evidence of Dochee's Lawfulness or Non-Corrupt Conduct

The Government moves to bar all evidence or argument concerning Dochee's lawfulness or non-corrupt conduct, with the exception of reputation or opinion evidence. Federal Rule of Evidence 405(a) ("Rule 405(a)") states that evidence of character may only "be made by testimony as to reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). The Government is correct that Dochee is barred by Rule 405(a) from establishing her character for lawfulness with anything other than reputation or opinion evidence. Furthermore, as indicated above, Dochee has failed to respond to the Government's motion or to put forth any valid and admissible purpose for such evidence. Therefore, we grant the Government's motion in limine relating to evidence of lawful character outside of reputation or opinion evidence.

V. Allegations of Witness Wrongdoing on Cross Examination

The Government moves to bar impeachment of witnesses with evidence of wrongdoing that does not involve dishonesty and is not otherwise admissible under Federal Rule of Evidence 609 ("Rule 609"). Specifically, the Government seeks to bar: (1) evidence of prior arrests of Government witnesses, (2) facts underlying prior convictions of Government witnesses even when the convictions themselves are admissible impeachment, (3) evidence of other prior bad acts of Government witnesses that are not probative of truthfulness, (4) evidence of prior drug use by Government witnesses that does not relate to the memory or mental capacity of such witnesses, and (5) prior convictions where the date of conviction and date or release was more than 10 years ago.

Impeachment of witnesses using specific instances of conduct is governed by Federal Rule of Evidence 608(b) ("Rule 608(b)"), which limits the admissibility of such evidence to that which is probative of the truthfulness or untruthfulness of the witness. Fed. R. Evid. 608(b). Rule 609 provides a limited exception to Rule 608(b) that permits impeachment by evidence of the conviction of a crime provided (1) that "the crime was punishable by . . . in excess of one year under the law under which the witness was convicted" and (2) that a period of not "more than ten years has elapsed since the date of the conviction or of the release. . . ." Fed. R. Evid. 609(a)-(b). Finally, Rule 609 allows for evidence of the nature of the conviction itself and does not state that further evidence regarding the specific details underlying the conviction is admissible. Fed. R. Evid. 609(a).

We agree with the Government that the evidence it seeks to bar is not

4

admissible pursuant to Rule 608(b) and Rule 609. Therefore, we grant the Government's motion in limine to bar such evidence relating to certain specific prior bad acts by Government witnesses.

VI. Evidence of Prior Cooperation by Government Witnesses

The Government moves to admit evidence of prior successful cooperation by Government witnesses to rebut any insinuation made by Dochee that these Government witnesses are biased or that these witnesses have an incentive to fabricate their testimony in order to receive a reduced sentence. The Government notes that the Seventh Circuit has upheld the admissibility of such evidence when the opposing party opens the door through impeachment of a witness by suggesting bias. *United States v. Lindemann*, 85 F.3d 1232, 1243 (7th Cir. 1996). The court agrees that in the limited instance where Dochee has opened the door through impeachment evidence suggesting bias by Government witnesses based on cooperation agreements, the Government should be allowed to elicit testimony in rebuttal regarding those witnesses' prior cooperation with the Government. Therefore, we grant the Government's motion in limine to admit evidence of prior cooperation in the event that Dochee opens the door to such evidence.

## CONCLUSION

Based on the foregoing analysis, we grant the Government's motions in limine in their entirety.


                                        _____
                                        Samuel Der-Yeghiayan
                                        United States District Court Judge

Dated:   January 15, 2009